Pillsbury Winthrop Shaw Pittman LLP
Patrick J. Potter (pro hac vice)
2300 N Street, NW
Washington, DC 20037-1128
Tel: (202) 663-8000
Fax: (202) 663-8007

Counsel to Baker Tilly Beers & Cutler, PLLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| **BEARINGPOINT, INC., et al.,** | : | **09-10691 (REG)** |
| Debtors. | : | **(Jointly Administered)** |

---------------------------------------------------------------x

| | | |
|---|---|---|
| **JOHN DeGROOTE SERVICES, LLC,** | : | |
| Plaintiff | : | |
| | : | **Adv. Pro. No. 10-03847 (REG)** |
| vs.      Debtors. | : | |
| **BAKER TILLY BEERS & CUTLER, PLLC** | : | |
| Defendant. | : | |

---------------------------------------------------------------x

## **ANSWER**

Baker Tilly Beers & Cutler, PLLC, successor by merger to Beers & Cutler PLLC and a wholly owned subsidiary of Baker Tilly Virchow Krause, LLP ("Beers & Cutler"), through undersigned counsel, respectfully submits this Answer to the above-captioned plaintiff's ("Plaintiff") Complaint in this adversary proceeding. Paragraph numbers and headings correspond to the paragraph numbers and headings in the Complaint.

## JURISDICTION AND VENUE

1.  Beers & Cutler lacks information to admit or deny the allegations of paragraph 1 of the Complaint, and therefore denies such allegations.

2.  Paragraph 2 of the Complaint contains legal conclusions to which no response is necessary. If a response is necessary, Beers & Cutler denies paragraph 2.

3.  Paragraph 3 of the Complaint contains legal conclusions to which no response is necessary. If a response is necessary, Beers & Cutler denies paragraph 3.

4.  Paragraph 4 of the Complaint contains legal conclusions to which no response is necessary. If a response is necessary, Beers & Cutler denies paragraph 4.

## PARTIES

5.  Beers & Cutler lacks information to admit or deny the allegations of paragraph 5 of the Complaint, and therefore denies such allegations.

6.  Beers & Cutler lacks information to admit or deny the allegations of paragraph 6 of the Complaint. The documents evidencing the "Plan" speak for themselves. If a response is necessary, Beers & Cutler denies paragraph 6.

7.  The documents evidencing the Plan and the "Trust Agreement" speak for themselves. If a response is necessary, Beers & Cutler denies paragraph 7.

8.  The documents evidencing the Plan speak for themselves. Paragraph 8 of the Complaint also contains legal conclusions to which no response is necessary. If a response is necessary, Beers & Cutler denies paragraph 8.

9.  Paragraph 9 of the Complaint contains legal conclusions to which no response is necessary. If a response is necessary, Beers & Cutler denies paragraph 9.

10. Beers & Cutler lacks information to admit or deny the allegations of paragraph 10 of the Complaint, and therefore denies such allegations.

11. Beers & Cutler admits that it is a domestic professional limited liability company organized under the laws of Virginia, with its principal place of business at 8219 Leesburg Pike, Suite 800, Vienna, Virginia 22182-2625. Beers & Cutler otherwise lacks information to admit or deny the allegations of paragraph 11, and therefore denies such allegations.

**COUNT I: AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS**

12. Beers & Cutler incorporates the responses to paragraphs 1 through 11.

13. Beers & Cutler admits having received transfers from BearingPoint, Inc. ("BearingPoint"). The documents evidencing the transfers from BearingPoint to Beers & Cutler speak for themselves. Beers & Cutler denies any other allegations of paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is necessary. If a response is necessary, Beers & Cutler denies paragraph 14.

15. Beers & Cutler denies paragraph 15 of the Complaint.

16. Beers & Cutler lacks information to admit or deny the allegations of paragraph 16 of the Complaint, and therefore denies such allegations.

17. Beers & Cutler lacks information to admit or deny the allegations of paragraph 17 of the Complaint, and therefore denies such allegations.

18. Beers & Cutler lacks information to admit or deny the allegations of paragraph 18 of the Complaint. Paragraph 18 of the Complaint also contains legal

conclusions to which no response is necessary. If a response is necessary, Beers & Cutler denies paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains legal conclusions to which no response is necessary. If a response is necessary, Beers & Cutler denies paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains legal conclusions to which no response is necessary. If a response is necessary, Beers & Cutler denies paragraph 20 of the Complaint.

21. Beers & Cutler admits that Plaintiff requested the return of certain transfers. Beers & Cutler denies any other allegations of paragraph 21 of the Complaint.

**COUNT II: DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(d)**

22. Beers & Cutler incorporates the responses to paragraphs 1 through 21.

23. Paragraph 23 of the Complaint contains legal conclusions to which no response is necessary. If a response is necessary, Beers & Cutler denies paragraph 23 of the Complaint.

24. Beers & Cutler denies any allegation not otherwise addressed and the claim for relief contained in the prayer for relief of the Complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**
**(All Counts)**

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (All Counts)

BearingPoint was solvent at the time of the alleged transfers that are the subject of the Complaint. Accordingly, Beers & Cutler is not entitled to any recovery in this action under section 547 of the United States Bankruptcy Code[1] (the "Bankruptcy Code").

### Third Affirmative Defense
### (All Counts)

The transfers that BearingPoint allegedly made to Beers & Cutler were intended by BearingPoint and Beers & Cutler to be a contemporaneous exchange, and in fact were contemporaneously exchanged for new value given to BearingPoint by Beers & Cutler. Accordingly, Plaintiff is not entitled to any recovery in this action under section 547 of the Bankruptcy Code.

### Fourth Affirmative Defense
### (All Counts)

The transfers that BearingPoint allegedly made to Beers & Cutler were transfers (i) by BearingPoint for a debt incurred by BearingPoint in the ordinary course of business or financial affairs of BearingPoint, (ii) made in the ordinary course of business or financial affairs of BearingPoint and Beers & Cutler, and (iii) made according to ordinary business terms. Accordingly, Plaintiff is not entitled to any recovery under section 547 of the Bankruptcy Code.

---

[1] 11 U.S.C. §§ 101-1532.

## Fifth Affirmative Defense
### (All Counts)

The transfers that BearingPoint allegedly made to Beers & Cutler were received by Beers & Cutler upon Beers & Cutler giving new value to or for the benefit of BearingPoint. Accordingly, Plaintiff is not entitled to any recovery under section 547 of the Bankruptcy Code.

WHEREFORE, the Court should find that Plaintiff has failed, among other things, to satisfy its proof burdens and should enter judgment in favor of Defendant, denying the relief sought by Plaintiff, and dismissing the Complaint with prejudice.

Dated: November 8, 2010

                PILLSBURY WINTHROP SHAW PITTMAN, LLP

                By:   /s/ Patrick J. Potter
                        Patrick J. Potter
                        patrick.potter@pillsburylaw.com
                        2300 N Street, N.W.
                        Washington, D.C. 20037-1128
                        Tel: (202) 663-8000
                        Fax: (202) 663-8007

# CERTIFICATE OF SERVICE

The undersigned certifies that on November 8, 2010, the foregoing Answer was served (i) electronically via CM/ECF on all parties having registered with the Court's ecf program in this case; (ii) by U.S. first-class mail, postage pre-paid, on the party identified below, and (iii) by e-mail to the party identified below.

> Peter S. Goodman
> McKool Smith, P.C.
> One Bryant Park
> 47 Floor
> New York, NY 10036
> Email: pgoodman@mckoolsmith.com

                                                /s/ Dania Slim