**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
<u>In</u> <u>re</u> : Chapter 11 Case No.
: 
BEARINGPOINT, INC., <u>et</u> <u>al.</u>, : 09 - 10691 (REG)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------x
: 
JOHN DeGROOTE SERVICES, LLC, :
: 
    Plaintiff :
: 
vs. : Adversary No. 10-03847 (REG)
: 
BAKER TILLY BEERS & CUTLER, PLLC :
: 
    Defendant. :
---------------------------------------------------------------x

## AMENDED[1] STIPULATION AND AGREED ORDER RESOLVING COMPLAINT FILED BY THE BEARINGPOINT, INC. LIQUIDATING TRUSTEE AGAINST BAKER TILLY BEERS & CUTLER, PLLC

Baker Tilly Beers & Cutler, PLLC ("***Baker Tilly***") and John DeGroote Services LLC (the "***Liquidating Trustee***"), the Liquidating Trustee to the BearingPoint, Inc. Liquidating Trust (the "***Liquidating Trust***") on behalf of BearingPoint, Inc. ("***BearingPoint***" and together with Baker Tilly and the Liquidating Trustee, the "***Parties***" and each, a "***Party***"), by their undersigned attorneys, respectfully submit this stipulation and agreed order (the "***Stipulation***").

---

[1] Amended to include Exhibit 1 which was inadvertently omitted from previous version.

1

Dallas 316001v1

**RECITALS**

A.    On February 18, 2009 (the "***Petition Date***"), BearingPoint and certain of its affiliated subsidiaries (collectively with BearingPoint, the "***Debtors***") filed voluntary petitions for relief under Title 11, United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***"), jointly administered under Case No. 09-10691 (REG).

B.    By Order entered December 22, 2009, the Bankruptcy Court confirmed the Debtors' Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, dated December 17, 2009 (the "***Plan***"). The Plan has become effective by its terms.

C.    Pursuant to Article 5.7 of the Plan, a "Liquidating Trust" was created pursuant to the Liquidating Trust Agreement ("***Trust Agreement***"). Pursuant to the Trust Agreement and the Plan, John DeGroote Services, LLC was appointed Liquidating Trustee of the Liquidating Trust. Pursuant to Article 5.7 of the Plan, the Debtors' avoidance actions under Chapter 5 of the Bankruptcy Code were transferred to the Liquidating Trust. Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Trustee is authorized to enforce, prosecute, settle or compromise any and all such claims. Accordingly, the Liquidating Trust owns, and the Liquidating Trustee is entitled to prosecute, the claims asserted in this lawsuit.

D.    On October 7, 2010, the Liquidating Trustee filed his *Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550* (the "***Complaint***"). The Liquidating Trustee alleges that, during the 90 days prior to the Petition Date, Baker Tilly received payments totaling $838,653.00, which the Liquidating Trustee claims constitute avoidable transfers under Chapter 5 of the Bankruptcy Code.

E.  Based upon the Parties' negotiations, and as further described below, the Parties have agreed upon certain conditions and an amount payable by Baker Tilly to the Liquidating Trust that resolves the Complaint and serves as a global settlement between the Liquidating Trustee and Baker Tilly.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties that:

1. Each of the above recitals is incorporated herein as though they were fully set forth at length.

2. Each of the undersigned attorneys represents and warrants that he has all necessary authority to enter into this Stipulation on behalf of the Party indicated.

3. Baker Tilly shall pay to the Liquidating Trust by wire transfer a settlement payment totaling $55,000 within fifteen calendar days after entry of a final, non-appealable, unstayed order approving this Stipulation by the Court.

4. Upon the Liquidating Trust's receipt of the Settlement Payment, and except for the rights specifically enumerated herein, Baker Tilly and its assigns, agents, and transferees, waive, forever release and discharge the Liquidating Trust, Liquidating Trustee, and BearingPoint and their respective successors and predecessors-in-interest, parents, subsidiaries, affiliates, heirs, agents and assigns, and each of their respective assigns, heirs, agents, directors, officers, trustees, employees, managers, legal counsel, accountants, representatives of any kind and transferees, from any and all actions, suits, judgments, rights, claims, demands, damages, attorneys' fees, causes of action, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the

United States, and whether now known or unknown, asserted or unasserted, matured or unmatured, liquidated or unliquidated, arising on, prior to, or after the date of this Agreement that Baker Tilly now has or may have had, or thereafter claims to have on behalf of itself, or any other person or entity specifically relating to or arising out of (i) that certain Master Supplier Agreement by and between BearingPoint, Inc. and Beers & Cutler PLLC, dated as of November 5, 2007 (as may have been amended from time to time); (ii) that certain Master Services Agreement by and between BearingPoint, Inc. and Beers & Cutler PLLC, dated as of February 19, 2007 (as may have been amended from time to time); and (iii) that certain Master Services Agreement by and between BearingPoint, Inc. and Beers & Cutler PLLC, dated as of October 10, 2006 (as may have been amended from time to time) (collectively, the "***Contracts***"), except in the event the Liquidating Trust or the Liquidating Trustee breach this Agreement.

5. Upon the Liquidating Trust's receipt of the Settlement Payment, and except for the rights specifically enumerated herein, the Liquidating Trustee and the Liquidating Trust and their respective assigns, agents, and transferees, waive, forever release and discharge Baker Tilly and its successors and predecessors-in-interest, parents, subsidiaries, affiliates, heirs, agents and assigns, and each of their respective assigns, heirs, agents, directors, officers, trustees, employees, managers, legal counsel, accountants, representatives of any kind and transferees, from any and all actions, suits, judgments, rights, claims, demands, damages, attorneys' fees, causes of action, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, asserted or unasserted, matured or unmatured, liquidated or unliquidated, arising on, prior to, or after the date of this Agreement that the Debtors, the

4

Liquidating Trust or the Liquidating Trustee now has or may have had, or hereafter claims to have on behalf of each of them respectively, or any other person or entity specifically relating to or arising out of the Contracts, except in the event Baker Tilly breaches this Agreement.

6. This Stipulation shall not be construed as an admission by any of the Parties of fault liability, or any acts of wrongdoing, or the violation of any international, federal, state, or local law, ordinance or regulation, nor shall it be considered as evidence of any such alleged fault liability, wrongdoing, or violation of any international, federal, state or local law, ordinance or regulation. The Parties each completely deny any fault, wrongdoing or liability, and affirm that their reason for entering into this Stipulation was to avoid the cost and inconvenience of further litigation.

7. Each Party shall bear all attorneys' fees and costs incurred by such Party in connection with the Adversary Proceeding and this Stipulation.

8. This Stipulation shall be governed, in all respects, by the laws of the State of New York, irrespective of its choice of law rules.

9. Each of the Parties hereby expressly represents and warrants that it has the requisite power, authority, and legal capacity to enter into and execute this Stipulation and to bind the Parties. The Liquidating Trustee and the Liquidating Trust warrant that they (i) own all claims and causes of action of the Debtors against Baker Tilly and all claims and causes of action asserted in the Adversary Proceeding, (ii) that such ownership is evidenced in Exhibit 1, and that no other documentation exists other than the Plan (Docket No. 1550) evidencing the transfer of claims by the Debtors against Baker Tilly to the Liquidating Trust or the Liquidating Trustee, and (iii) have not assigned or transferred or purported to assign or transfer, to any person, firm, corporation, or entity whatsoever any of the claims and causes of action of the Debtors against

Baker Tilly that are being released herein and any of the claims and causes of action asserted in the Adversary Proceeding. The Liquidating Trustee, solely in its capacity as trustee of the Liquidating Trust, and the Liquidating Trust shall indemnify and hold harmless Baker Tilly against and assume any reasonable and necessary liability and expense arising out of or related in any way to a breach (intentional or otherwise) of the such representations and warranties with respect to such transfer or assignment or purported transfer or assignment.

10. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter herein. All representations, warranties, inducements, and/or statements of intention made by the Parties are embodied in this Stipulation, and no party hereto relied upon, shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

11. No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party hereto unless such modification, amendment, or waiver is in writing and has been executed by a duly authorized representative of the Party against whom such modification, amendment, or waiver is sought to be enforced.

12. This Stipulation may be executed in any number of counterparts, and all such counterparts, taken together, shall be deemed to constitute one and the same instrument.

13. The Parties acknowledge that this Stipulation is the joint work product of all of Parties, and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

14. The Parties agree that any and all disputes arising out of or otherwise relating to this Stipulation shall be brought in the Bankruptcy Court.

15. This Stipulation shall be binding on the Parties from the date of its execution.

16. This Stipulation may be executed in multiple counterparts and transmitted via facsimile, with the facsimile signature treated as an original signature, and any and all of which shall be construed as and enforceable as the Stipulation. The effective date of this Stipulation shall be the date of its execution by the last of the Parties.

By: /s/ Basil A. Umari  
 Basil A. Umari

MCKOOL SMITH P.C.

*Attorneys for Liquidating Trustee*

By: /s/ Dania Slim  
 Dania Slim

*Attorney for Baker Tilly Beers & Cutler, PLLC*

IT IS SO ORDERED.

Dated: New York, New York  
 **<u>March 21</u>**, 2011

**<u>s/ Robert E. Gerber</u>**  
HONORABLE ROBERT E. GERBER  
UNITED STATES BANKRUPTCY JUDGE