**EXHIBIT 1**

## BEARINGPOINT, INC. LIQUIDATING TRUST AGREEMENT

BEARINGPOINT, INC. LIQUIDATING TRUST AGREEMENT, dated as of December 30, 2009 (the "Trust Agreement"), by and among BearingPoint, Inc. ("BE") and BearingPoint Americas, Inc., BearingPoint BG, LLC, BearingPoint Global Operations, Inc., BearingPoint Global, Inc., BearingPoint Israel, LLC, BearingPoint Puerto Rico, LLC, BearingPoint Russia, LLC, BearingPoint, LLC, i2 Northwest LLC, Metrius, Inc., and Peloton Holdings, L.L.C. (together with BE, collectively, the "Debtors"), as debtors and debtors-in-possession, and John DeGroote, Authorized Person of BearingPoint LT Trustee, LLC, a Delaware Limited Liability Company, as liquidating trustee (together, with any successor appointed under the terms hereof, the "Liquidating Trustee") of the BearingPoint, Inc. Liquidating Trust (the "Liquidating Trust"). Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Modified Second Amended Joint Plan under Chapter 11 of the Bankruptcy Code, dated December 17, 2009, as confirmed (including all exhibits thereto, as the same may be further amended, modified, or supplemented from time to time, the "Plan").

### Background

A.      On February 18, 2009, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

B.      On or about October 5, 2009, the Debtors filed their Plan and Disclosure Statement in the Bankruptcy Court.

C.      The Disclosure Statement was approved by the Bankruptcy Court on November 4, 2009.

D.      On or about December 22, 2009, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Plan.

E.      The Plan provides for the creation of a post-confirmation Liquidating Trust to hold and administer the Liquidating Trust Assets (as such term is defined in the Assignment Agreement, dated December 30, 2009, among the Debtors and the Liquidating Trust), and distribute the proceeds therefrom to the Liquidating Trust Beneficiaries, in accordance with the terms of this Trust Agreement, the Plan and the Confirmation Order.

F.      The Liquidating Trust is being created on behalf of, and for the benefit of, the Liquidating Trust Beneficiaries.

G.      The Liquidating Trustee shall have all powers necessary to implement the provisions of this Trust Agreement and administer the Liquidating Trust, including, without limitation, the power to: (i) prosecute for the benefit of the Liquidating Trust Beneficiaries through counsel and other professionals selected by the Liquidating Trustee any causes of action that may from time to time be held by the Liquidating Trust; (ii) preserve, maintain and liquidate the Liquidating Trust Assets; (iii) distribute the Liquidating Trust proceeds to the Liquidating Trust Beneficiaries; and (iv) otherwise perform the functions and take the actions provided for in this Trust Agreement or permitted in the Plan and/or the Confirmation Order or in any other

agreement executed pursuant to the Plan, in each case subject to the provisions of <u>Sections 6.2</u> and <u>6.3</u> of this Trust Agreement regarding the rights of the Trust Advisory Board.

H.     The Liquidating Trust is intended to qualify as a "liquidating trust" under the Internal Revenue Code of 1986, as amended (the "<u>Tax Code</u>") and the regulations promulgated thereunder (the "<u>Treasury Regulations</u>"), specifically Treasury Regulations section 301.7701-4(d), and as such as a "grantor trust" for U.S. federal income tax purposes with the Liquidating Trust Beneficiaries treated as the grantors and owners of the Liquidating Trust. In particular:

(i)     The Liquidating Trust is organized for the primary purpose of liquidating the Liquidating Trust Assets, with no objective to conduct a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust. The Liquidating Trust shall not be deemed a successor of the Debtors or their Estates;

(ii)     This Trust Agreement provides that the Liquidating Trust Beneficiaries will be treated as the grantors of the Liquidating Trust and deemed owners of the Liquidating Trust Assets (other than any assets allocated to the Liquidating Trust Claims Reserve) for U.S. federal income tax purposes, and further, requires the Liquidating Trustee to file returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulations section 1.671-4(a);

(iii)     This Trust Agreement provides for a good faith valuation of the transferred property by the Liquidating Trustee, and such valuation shall be used for all U.S. federal income tax purposes;

(iv)     All of the Liquidating Trust's income is to be treated as subject to tax on a current basis to the holders of Allowed Claims who will be responsible for payment of any tax due (other than income attributable to assets allocable to the Liquidating Trust Claims Reserve);

(v)     The Liquidating Trust contains a fixed or determinable termination date in that it will terminate as soon as practicable, but in no event later than the third anniversary of the Effective Date; <u>*provided, however*</u>, that, the Bankruptcy Court, upon motion by a party-in-interest within the six month period prior to the third anniversary (or at least six months prior to the end of an extension period), may extend the term of the Liquidating Trust for a finite period (not to exceed an additional three years, together with any prior extensions, without a favorable ruling from the Internal Revenue Service (the "<u>IRS</u>") that any further extension would not adversely affect the status of the Liquidating Trust as a liquidating trust for U.S. federal income tax purposes) if such an extension is warranted by the facts and based upon a finding that such an extension is necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets. Notwithstanding anything to the contrary in this Trust Agreement, in no event shall the Liquidating Trustee unduly prolong the duration of the Liquidating Trust, and the Liquidating Trustee shall, in the exercise of its reasonable business judgment and the interests of the Liquidating

2

Trust Beneficiaries, at all times endeavor to (a) liquidate the Liquidating Trust Assets to maximize net recoveries and (b) otherwise terminate the Liquidating Trust as soon as practicable in accordance with this Trust Agreement; and

(vi)    The investment powers of the Liquidating Trustee, other than those reasonably necessary to maintain the value of the Liquidating Trust Assets and to further the liquidating purpose of the Liquidating Trust, are limited to powers to invest in Permissible Investments (as defined herein).

**Agreement**

**NOW, THEREFORE**, in consideration of the promises and the mutual covenants contained herein, the Debtors and the Liquidating Trustee agree as follows:

**ARTICLE I**
**DECLARATION OF TRUST**

1.1    Creation of Trust. The Debtors and the Liquidating Trustee, pursuant to the Plan and the Confirmation Order and in accordance with the applicable provisions of chapter 11 of the Bankruptcy Code, hereby constitute and create the Liquidating Trust, which shall bear the name "BearingPoint, Inc. Liquidating Trust." In connection with the exercise of the Liquidating Trustee's power hereunder, the Liquidating Trustee may use this name or such variation thereof as the Liquidating Trustee sees fit.

1.2    Purpose of Liquidating Trust. The sole purpose of the Liquidating Trust Agreement is to implement the Plan on behalf, and for the benefit, of the Liquidating Trust Beneficiaries, and to serve as a mechanism for liquidating and converting to Cash the Liquidating Trust Assets in accordance with Treasury Regulations section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust.

1.3    Transfer of Liquidating Trust Assets.

(a)    Subject to continuing obligations in respect of the Administrative Expense Claims, Priority Non-Tax Claims, Priority Tax Claims, and Secured Tax Claims, the Debtors hereby transfer on the Effective Date, for the sole benefit of the Liquidating Trust Beneficiaries in full satisfaction of their Claims against the Debtors, pursuant to Bankruptcy Code sections 1123(a)(5)(B) and 1123(b)(3)(B) and in accordance with the Plan and the Confirmation Order, the Liquidating Trust Assets to the Liquidating Trust, free and clear of any and all liens, claims, encumbrances and interests (legal, beneficial or otherwise) of all other entities to the maximum extent contemplated by and permissible under Bankruptcy Code section 1141(c). In connection with such transfer, pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, the D&O Insurance Policies, to the extent the contract providing for such is determined to be an executory contract, shall be deemed assumed by the Debtors and assigned to the Liquidating Trust, as part of the Liquidating Trust Assets. Such transfers shall be exempt from any stamp, real estate transfer, mortgage reporting, sales, use or other similar tax. Upon delivery of the Liquidating Trust Assets to the Liquidating Trust, the Debtors and their successors and assigns shall be released from all liability with respect to the delivery of such distributions. Nothing in this Trust

Agreement is intended to, or shall be construed to, effect a release, extinguishment or compromise of any claim or cause of action transferred to the Liquidating Trust pursuant to this Trust Agreement. The Liquidating Trust Assets and all other property held from time to time by the Liquidating Trust under this Liquidating Trust Agreement and any earnings, including without limitation, interest, on any of the foregoing are to be applied by the Liquidating Trustee in accordance with the terms hereof, the Plan and the Confirmation Order for the benefit of the Liquidating Trust Beneficiaries, and for no other party, subject to the further covenants, conditions and terms hereinafter set forth.

(b)     As soon as reasonably practicable, but not more than 10 days following the release of any Letter of Credit by the party secured by such Letter of Credit, the LC Agent shall transfer funds equal in amount to 105% of the amount of the released Letter of Credit from the LC Cash Collateral Account to the Liquidating Trust. At such time as there are no remaining outstanding Letters of Credit, the LC Agent will transfer all remaining funds in the LC Cash Collateral Account to the Liquidating Trust. If, at any point, the funds in the LC Cash Collateral Account exceed 105% of the amount of the outstanding Letters of Credit plus any fees owing to the LC Agent, the Liquidating Trustee shall have the right to withdraw any excess funds, including, without limitation, interest income earned on the LC Cash Collateral Account, and to transfer such funds to the Liquidating Trust. Upon each such transfer, such funds shall be considered Liquidating Trust Assets for all purposes under this Trust Agreement.

(c)     To the extent any of the Debtors' assets cannot be transferred to the Liquidating Trust, because of a restriction on transferability under applicable nonbankruptcy law that is not superseded by Bankruptcy Code section 1123 or any other provision of the Bankruptcy Code, such assets shall be retained by the Debtors. The proceeds of any such asset retained by the Debtors shall be allocated to the Liquidating Trust pursuant to the Plan as if such transfer had not been restricted under applicable nonbankruptcy law. The Liquidating Trustee may commence an action in the Bankruptcy Court to resolve any dispute regarding the allocation of the proceeds of any assets retained by the Debtors pursuant to the Plan and Confirmation Order.

1.4     Appointment and Acceptance of Liquidating Trustee. The Debtors, with the consent of the Creditors' Committee, hereby designate John DeGroote, Authorized Person of BearingPoint LT Trustee, LLC, to serve as the initial Liquidating Trustee under the Plan. The Liquidating Trustee shall be deemed to be appointed pursuant to Bankruptcy Code section 1123(b)(3)(B). The Liquidating Trustee accepts the Liquidating Trust created by this Trust Agreement and the grant, assignment, transfer, conveyance and delivery to the Liquidating Trustee, on behalf, and for the benefit, of the Liquidating Trust Beneficiaries, by the Debtors of all of their respective right, title and interest in the Liquidating Trust Assets, upon and subject to the terms and conditions set forth herein, in the Plan and in the Confirmation Order. The Liquidating Trustee's powers are exercisable solely in a fiduciary capacity consistent with, and in furtherance of, the purpose of the Liquidating Trust and not otherwise. The Liquidating Trustee shall have the authority to bind the Liquidating Trust within the limitations set forth herein, but shall for all purposes hereunder be acting in the capacity as Liquidating Trustee, and not individually.

1.5    Liquidation of Liquidating Trust Assets.  The Liquidating Trustee shall, in an expeditious but orderly manner and subject to the other provisions of the Plan and this Trust Agreement, liquidate and convert to Cash the Liquidating Trust Assets, make timely distributions in accordance with the terms hereof and not unduly prolong the existence of the Liquidating Trust.  The Liquidating Trustee shall exercise reasonable business judgment and liquidate the Liquidating Trust Assets to maximize net recoveries; *provided, however*, that the Liquidating Trustee shall be entitled to take into consideration the risks, timing, and costs of potential actions in making determinations as to the maximization of recoveries.  Such liquidations may be accomplished through the prosecution, compromise and settlement, abandonment or dismissal of any or all claims, rights or causes of action or otherwise or through the sale or other disposition of the Liquidating Trust Assets (in whole or in combination, and including the sale of any claims, rights or causes of action).  Pursuant to such agreed upon budget(s) in accordance with Section 4.5 of this Liquidating Trust Agreement, the Liquidating Trustee may incur any reasonable and necessary expenses in connection with the liquidation and conversion of the Liquidating Trust Assets into cash or in connection with the administration of the Liquidating Trust.

1.6    Assignment of Contracts to Liquidating Trust.  Contracts and leases entered into by BE or BE LLC subsequent to the Commencement Date or contracts of BE and BE LLC not rejected in the Chapter 11 Cases shall be assigned to the Liquidating Trust.  As such, counterparties to any such contracts assigned to the Liquidating Trust pursuant to Section 1.3, and counterparties to any subcontracts related to such contracts, shall be prohibited from terminating or otherwise altering the terms of such contract as a result of the transfer of such contract to the Liquidating Trust.

1.7    No Reversion to Debtors.  In no event shall any part of the Liquidating Trust Assets revert to or be distributed to any Debtor.  To the extent that any property or assets remain in the Liquidating Trust after satisfaction in full of all Allowed Claims, all of the costs and expenses of the administration of the Liquidating Trust and all other obligations or liabilities of the Liquidating Trust incurred or assumed in accordance with the Plan, Confirmation Order or this Trust Agreement (or to which the Liquidating Trust Assets are otherwise subject) and after holders of Beneficial Interests have received the maximum amount of proceeds to which they are entitled under this Trust Agreement, the Liquidating Trustee may request an order from the Bankruptcy Court authorizing that such residue be contributed to a charitable organization (a "Charitable Organization") described in section 501(c)(3) of the Tax Code and exempt from U.S. federal income tax under section 501(a) of the Tax Code that is unrelated to the Debtors, the Liquidating Trust, the Liquidating Trustee and any insider of the Liquidating Trust, or authorizing such other disposition as recommended by the Liquidating Trustee and approved by the Bankruptcy Court.

1.8    Incidents of Ownership.  Except as provided in Section 1.7, the holders of Allowed Claims shall be the sole beneficiaries of the Liquidating Trust and the Liquidating Trust Assets, and the Liquidating Trustee shall retain only such incidents of ownership as are necessary to undertake the actions and transactions authorized herein, in the Plan and in the Confirmation Order, including, but not limited to, those powers set forth in Section 6.1 hereof.

# ARTICLE II
## LIQUIDATING TRUST BENEFICIARIES

2.1 <u>Conflicting Claims</u>. If any conflicting claims or demands are made or asserted with respect to a Beneficial Interest, the Liquidating Trustee shall be entitled, at its sole election, to refuse to comply with any such conflicting claims or demands. In so refusing, the Liquidating Trustee may elect to make no payment or distribution with respect to the Beneficial Interest subject to the claims or demands involved, or any part thereof, and the Liquidating Trustee shall refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands. In so doing, the Liquidating Trustee shall not be or become liable to any party for its refusal to comply with any of such conflicting claims or demands. The Liquidating Trustee shall be entitled to refuse to act until either (i) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court (or such other court of proper jurisdiction) or (ii) all differences have been resolved by a written agreement among all of such parties and the Liquidating Trustee, which agreement shall include a complete release of the Liquidating Trust and the Liquidating Trustee (the occurrence of either (i) or (ii) being referred to as a "<u>Dispute Resolution</u>" in this <u>Section 2.1</u>). Until a Dispute Resolution is reached with respect to such conflicting claims or demands, the Liquidating Trustee shall hold in a segregated interest-bearing account with a United States financial institution any payments or distributions from the Liquidating Trust to be made with respect to the Beneficial Interest at issue. Promptly after a Dispute Resolution is reached, the Liquidating Trustee shall transfer the payments and distributions, if any, held in the segregated account, together with any interest and income generated thereon, in accordance with the terms of such Dispute Resolution.

2.2 <u>Rights of Liquidating Trust Beneficiaries</u>. Each Liquidating Trust Beneficiary shall be entitled to participate in the rights and benefits due to a Liquidating Trust Beneficiary hereunder according to the terms of its Beneficial Interest. Each Liquidating Trust Beneficiary shall take and hold the same, subject to all the terms and conditions of this Trust Agreement, the Plan and the Confirmation Order. The interest of a Liquidating Trust Beneficiary is hereby declared and shall be in all respects personal property. Except as expressly provided hereunder, a Liquidating Trust Beneficiary shall have no title to, right to, possession of, management of or control of the Liquidating Trust or the Liquidating Trust Assets or to any right to call for a partition or division of such assets or to require an accounting. No surviving spouse, heir or devisee of any deceased Liquidating Trust Beneficiary shall have any right of dower, homestead or inheritance, or of partition, or any other right, statutory or otherwise, in the Liquidating Trust Assets, but the whole title to the Liquidating Trust Assets shall be vested in the Liquidating Trustee and the sole interest of the Liquidating Trust Beneficiaries shall be the rights and benefits given to such person under this Trust Agreement.

2.3 <u>Evidence of Beneficial Interest</u>. Ownership of a Beneficial Interest in the Liquidating Trust will be evidenced by the books and records of the Liquidating Trust maintained by the Liquidating Trustee. The Liquidating Trustee shall, upon written request of a Liquidating Trust Beneficiary, provide reasonably adequate documentary evidence of such Liquidating Trust Beneficiary's Beneficial Interest, as indicated in the books and records of the Liquidating Trust. The expense of providing such documentation shall be borne by the requesting Liquidating Trust Beneficiary.

2.4     Transfers of Beneficial Interests. Beneficial Interests shall be reflected on the books and records of the Liquidating Trust, however, no physical certificates shall be issued representing the Beneficial Interests and the Beneficial Interests shall not be negotiable or transferable except (a) pursuant to applicable laws of descent and distribution (in the case of a deceased individual Liquidating Trust Beneficiary) or (b) by operation of law. The Liquidating Trustee shall not be required to record any transfer in favor of any transferee which, in the sole discretion of the Liquidating Trustee, is or might be construed to be ambiguous or to create uncertainty as to the holder of the interest in the Liquidating Trust. Until a transfer is in fact recorded on the books and records maintained by the Liquidating Trustee for the purpose of identifying the Liquidating Trust Beneficiaries, the Liquidating Trustee, whether or not in receipt of documents of transfer or other documents relating to the transfer, may nevertheless make distributions and send communications to Liquidating Trust Beneficiaries, as though he has no notice of any such transfer, and in so doing the Liquidating Trustee shall be fully protected and incur no liability to any purported transferee or any other Person.

2.5     Limited Liability. No provision of this Trust Agreement, the Plan or the Confirmation Order, and no mere enumeration herein of the rights or privileges of any Liquidating Trust Beneficiary, shall give rise to any liability of such Liquidating Trust Beneficiary solely in its capacity as such, whether such liability is asserted by any Debtor, by creditors or employees of any Debtor, or by any other Person. Liquidating Trust Beneficiaries are deemed to receive the Liquidating Trust Assets in accordance with the provisions of this Trust Agreement, the Plan and the Confirmation Order in exchange for their Allowed Claims, as applicable, without further obligation or liability of any kind, but subject to the provisions of this Trust Agreement.

# ARTICLE III
## DURATION AND TERMINATION OF LIQUIDATING TRUST

3.1     Duration. The Liquidating Trust shall become effective upon the Effective Date and the execution of this agreement and shall remain and continue in full force and effect until dissolved as provided for in Section 5.7(p) of the Plan.

3.2     Dissolution of the Liquidating Trust. Notwithstanding anything to the contrary in this Trust Agreement, in no event shall the Liquidating Trustee unduly prolong the duration of the Liquidating Trust, and the Liquidating Trustee shall, in the exercise of its reasonable business judgment and in the interests of all beneficiaries of the Liquidating Trust, at all times endeavor to (a) liquidate the Liquidating Trust Assets to maximize net recoveries and (b) otherwise terminate the Liquidating Trust as soon as practicable in accordance with this Trust Agreement and the Plan.

3.3     Continuance of Liquidating Trust for Winding Up. After the dissolution of the Liquidating Trust and solely for the purpose of liquidating and winding up the affairs of the Liquidating Trust, the Liquidating Trustee shall continue to act as such until its duties have been fully performed. Upon distribution of all the Liquidating Trust Assets, the Liquidating Trustee shall retain the books, records and files that shall have been delivered to or created by the Liquidating Trustee. At the Liquidating Trustee's discretion, all of such records and documents may be destroyed at any time following the date that is six (6) years after the final distribution of

Liquidating Trust Assets (unless such records and documents are necessary to fulfill the Liquidating Trustee's obligations pursuant to Sections 4.5 and 4.12 hereof), subject to any joint prosecution and common interests agreement(s) to which the Liquidating Trustee may be party.

## ARTICLE IV
## ADMINISTRATION OF LIQUIDATING TRUST

4.1     Payment of Claims, Expenses and Liabilities. Subject to the budget agreed upon by the Trust Advisory Board in accordance with Section 4.5(b) of this Trust Agreement, the Liquidating Trustee shall use cash funds of the Liquidating Trust: (i) to pay reasonable costs and expenses of the Liquidating Trust that are incurred (including, but not limited to, any taxes imposed on the Liquidating Trust or actual reasonable out-of-pocket fees and expenses incurred by retained professionals in connection with the administration and liquidation of the Liquidating Trust Assets and preservation of books and records as provided in Section 6.7 hereof); (ii) to satisfy other obligations or other liabilities incurred or assumed by the Liquidating Trust (or to which the Liquidating Trust Assets are otherwise subject) in accordance with the Plan, the Confirmation Order, or this Trust Agreement, including fees and costs incurred in connection with the protection, preservation, liquidation and distribution of the Liquidating Trust Assets and the costs of investigating, prosecuting and resolving any Claims and the costs and fees of the Indenture Trustees pursuant to the Plan (including section 6.7 of the Plan); and (iii) to satisfy any other obligations of the Liquidating Trust expressly set forth in the Plan.

4.2     Distributions.

(a)     Generally. The Liquidating Trustee shall use commercially reasonable efforts to make an initial distribution as soon as practicable and in any event within 60 days after the Effective Date (the "Initial Distribution") to the holders of the Beneficial Interests of all Cash on hand (including any Cash received from the Debtors on the Effective Date, and treating any Permissible Investment as Cash for purposes of this Section 4.2) in accordance with the initial plan and budget approved by the Trust Advisory Board pursuant to Section 4.5(b), except such amounts (i) as would be distributable to a holder of a Disputed Claim if such Disputed Claim had been Allowed prior to the time of such distribution or in the amount such Disputed Claim has been estimated for reserve purposes (but only until such Disputed Claim is resolved); (ii) as are reasonably necessary to meet contingent liabilities and to maintain the value of the Liquidating Trust Assets during liquidation; (iii) necessary to pay reasonable incurred or anticipated expenses (including, but not limited to, any taxes imposed on the Liquidating Trust or in respect of the Liquidating Trust Assets and anticipated expenses of the Indenture Trustees incurred pursuant to the Plan in relation to distributions); or (iv) necessary to satisfy other liabilities incurred or anticipated by the Liquidating Trust in accordance with this Plan or the Trust Agreement. The Liquidating Trustee is required to distribute to the Liquidating Trust Beneficiaries, at least once per twelve-month period, the Liquidating Trust's net income plus all net proceeds from the sale or other disposition of the Liquidating Trust Assets, except that the Liquidating Trustee may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Liquidating Trust Assets, to satisfy current and projected expenses of the Liquidating Trust, or to meet Claims and contingent liabilities (including Disputed Claims).

(b)    Payment of Distributions. The Liquidating Trust Assets shall be distributed pursuant to Article VI of the Plan.

(c)    Liquidating Trust Assets Available for Distribution. Notwithstanding anything in this Trust Agreement to the contrary, the Liquidating Trustee shall cause the Liquidating Trust at all times to retain sufficient funds as the Liquidating Trustee shall determine, in consultation with the Trust Advisory Board and subject to the budget(s) agreed upon by the Trust Advisory Board in accordance with Section 4.5 of this Trust Agreement: (i) as would be distributable to a holder of a Disputed Claim if such Disputed Claim had been Allowed prior to the time of such distribution or in the amount such Disputed Claim has been estimated for purposes of reserves (but only until such Disputed Claim is resolved); (ii) as are reasonably necessary to meet contingent liabilities and to maintain the value of the Liquidating Trust Assets during liquidation; (iii) are necessary to pay reasonable incurred or anticipated expenses (including, but not limited to, any taxes imposed on the Liquidating Trust or in respect of the Liquidating Trust Assets); or (iv) are necessary to satisfy other liabilities incurred or anticipated by the Liquidating Trust in accordance with this Plan or the Trust Agreement.

(d)    Priority of Distribution of Liquidating Trust Assets. Any of the Liquidating Trust Assets available for distribution shall be applied, (i) first, to the fees, costs, expenses and liabilities of the Liquidating Trust and the Liquidating Trustee (including the fees and expenses of the Trust Professionals and the Trust Advisory Board (as defined herein)) as provided in Section 4.1; and (ii) second, to distributions to holders of Allowed Claims in accordance with the terms of this Trust Agreement, the Plan, and the Confirmation Order.

(e)    Distribution of Liquidating Trust Assets Upon Termination. Promptly following the termination of the Liquidating Trust, the Liquidating Trustee shall distribute any amounts not yet distributed from the Liquidating Trust to holders of Allowed Claims in accordance with the terms of this Trust Agreement, the Plan, and the Confirmation Order.

(f)    De Minimis Distributions. Except with respect to the final distribution from the Liquidating Trust, no distribution shall be required to be made hereunder to any holder of an Allowed Claim unless such holder is entitled to receive, in any distribution from the Liquidating Trust, at least one hundred dollars ($100.00) or unless such holder makes a request in writing to the Liquidating Trustee. Any holder of an Allowed Claim on account of which the amount of cash to be distributed pursuant to any distribution from the Liquidating Trust is less than one hundred dollars ($100.00) shall be deemed to have no claim for such distribution against the Debtors, the Liquidating Trust or the Liquidating Trust Assets. Subject to Section 4.4 hereof, any Cash not distributed pursuant to this Section 4.3 shall be the property of the Liquidating Trust free of any restrictions thereon.

4.3    Undeliverable Property.

(a)    If any distribution of Liquidating Trust Assets to a holder of an Allowed Claim is returned to the Liquidating Trustee as undeliverable, no further distribution to such holder shall be made unless and until the Liquidating Trustee is notified in writing of such holder's then-current address. For purposes of this Trust Agreement, undeliverable distributions shall include checks sent to a holder of an Allowed Claim, respecting distributions to such

9

holder, which checks have not been cashed within six months following the date of issuance of such checks. Undeliverable distributions shall remain in the possession of the Liquidating Trustee until the next distribution date that the relevant distribution becomes deliverable (in which event it shall be distributed to such holder), subject to Section 4.3(b) hereof.

(b)      Any holder of an Allowed Claim that does not assert a claim for an undeliverable distribution of Liquidating Trust Assets held by the Liquidating Trust prior to the date that is one year after the date of the distribution, shall no longer have any claim to or interest in such undeliverable distribution. In such cases, such undeliverable distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code and revert to or remain in the Liquidating Trust and any entitlement of any holder of Claims to any such distributions shall be extinguished and forever barred. The Liquidating Trustee shall have no further obligation to make any distribution to the holder of such Claim on account of such Claim; *provided, however*, that the holder of such Claim may receive future distributions on account of such Claim by contacting the Liquidating Trustee at some point prior to the final distribution from the Liquidating Trust.

4.4      Interest on Claims. Unless otherwise specifically provided for in any of the Interim Cash Collateral Orders, the Final Cash Collateral Order, the Plan or the Confirmation Order, postpetition interest shall not accrue or be paid on any Claims, and no holder of a Claim shall be entitled to interest accruing on or after the Commencement Date on any Claim. Unless otherwise specifically provided for in the Plan or the Confirmation Order, interest shall not accrue or be paid upon any Claim in respect of the period from the Commencement Date to the date a final distribution is made thereon if and after such Claim becomes an Allowed Claim.

4.5      Reports.

(a)      The Liquidating Trustee shall deliver reports to members of the Trust Advisory Board as soon as practicable, but in no case later than 90 days, after the end of each calendar year, which reports shall specify in reasonable detail: (i) the status of the Liquidating Trust Assets assigned to the Liquidating Trust; (ii) the fees and expenses of the Liquidating Trust, the Liquidating Trustee and the Trust Professionals incurred and/or earned during the most recent year; (iii) the aggregate fees and expenses of the Liquidating Trust, the Liquidating Trustee and the Trust Professionals incurred and/or earned since the date of this Trust Agreement; (iv) the amount of Liquidating Trust proceeds received by the Liquidating Trust during the most recent year; (v) the aggregate amount of Liquidating Trust proceeds received by the Liquidating Trust since the date of this Trust Agreement; (vi) the calculation of the Cash available for distribution for the next distribution date; (vii) the aggregate amount of distributions from the Liquidating Trust to holders of Allowed Claims since the date of this Trust Agreement; and (viii) such other information as the Trust Advisory Board may reasonably request from time to time. The Liquidating Trustee shall also timely prepare, file and distribute such additional statements, reports and submissions (A) as may be necessary to cause the Liquidating Trust and the Liquidating Trustee to be in compliance with applicable law or (B) as may be otherwise reasonably requested from time to time by the Trust Advisory Board.

(b)      The Liquidating Trustee shall prepare and submit to the Trust Advisory Board for approval an annual plan and budget at least 30 days prior to the commencement of

each fiscal year of the Liquidating Trust; *provided*, *however*, that the first such report shall be submitted no later than 20 days after the Effective Date. Such annual plan and budget shall set forth in reasonable detail: (i) the Liquidating Trustee's anticipated actions to administer and liquidate the Liquidating Trust Assets; and (ii) the anticipated expenses, including professional fees, associated with conducting the affairs of the Liquidating Trust and an amount for fees and expenses of the Trust Advisory Board. Such annual plan and budget shall be updated and submitted to the Trust Advisory Board for review and approval on a quarterly basis, and each such quarterly update shall reflect the differences between the anticipated actions described in the original annual report and actual operations of the Liquidating Trust to date. All actions by the Liquidating Trustee must be consistent with the plan and budget, as updated and approved by the Trust Advisory Board.

   (c) The Liquidating Trustee shall provide the Trust Advisory Board with such other information as may be reasonably requested by such board from time to time.

   (d) The Liquidating Trustee shall deliver, or make available by posting on a website or otherwise, to all Liquidating Trust Beneficiaries reports, as soon as practicable, but in no case later than 90 days, after the end of each calendar year, containing the types of information set forth in <u>Section 4.5(a)</u> above, in such form and in such detail as it deems appropriate in consultation with the Trust Professionals and the Trust Advisory Board.

   4.6 <u>Setoffs and Recoupment</u>. The Liquidating Trustee may, but shall not be required to, setoff against or recoup from any Claim and from any payments to be made pursuant to the Plan in respect of such Claim or any distributions from the Liquidating Trust any claims of any nature whatsoever that the Liquidating Trustee may have against the claimant, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors or the Liquidating Trustee of any such claim they may have against such claimant.

   4.7 <u>Distribution Record Date</u>. With respect to holders of all General Unsecured Claims against the Debtors on the Distribution Record Date, the Claims register shall be closed and any transfer of any Claim therein shall be prohibited. The Debtors and the Liquidating Trust shall have no obligation to recognize any transfer of any such Claims occurring after the close of business on such date.

   4.8 <u>Distributions After the Effective Date</u>. Distributions made after the Effective Date to holders of Disputed Claims that are not Allowed Claims as of the Effective Date but which later become Allowed Claims shall be deemed to have been made on the Effective Date.

   4.9 <u>Exchange Act</u>. If the Liquidating Trust becomes subject to the registration requirements of the Securities Exchange Act of 1934, as amended (the "<u>Exchange Act</u>"), the Liquidating Trustee shall cause the Liquidating Trust to register pursuant to, and comply with, the applicable reporting requirements of the Exchange Act.

   4.10 <u>Compliance with Laws</u>. Any and all distributions of Liquidating Trust Assets shall be in compliance with applicable laws, including but not limited to, applicable federal and state tax and securities laws.

4.11 Fiscal Year. Except for the first and last years of the Liquidating Trust, the fiscal year of the Liquidating Trust shall be the calendar year. For the first and last years of the Liquidating Trust, the fiscal year of the Liquidating Trust shall be such portion of the calendar year that the Liquidating Trust is in existence.

4.12 Books and Records. The Liquidating Trustee shall retain and preserve the Debtors' books, records and files that shall have been delivered to or created by the Liquidating Trustee. The Liquidating Trustee shall maintain, in respect of the Liquidating Trust and the Liquidating Trust Beneficiaries and all others to receive distributions under this Trust Agreement, books and records relating to the assets and the income of the Liquidating Trust and the payment of expenses of, liabilities of, and claims against or assumed by, the Liquidating Trust and the Liquidating Trustee, in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof in accordance with the provisions of this Trust Agreement and applicable provisions of law, including tax law. Except as otherwise provided herein or in the Plan, nothing in this Trust Agreement requires the Liquidating Trustee to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust, or as a condition for making any payment or distribution out of the Liquidating Trust Assets. The Liquidating Trustee shall provide any member of the Trust Advisory Board with access to such books and records during normal business hours as may be reasonably requested with 3 days advance notice. Liquidating Trust Beneficiaries shall have the right upon 30 days' prior written notice delivered to the Liquidating Trustee to inspect such books and records; provided that, if so requested, all costs associated with such inspection shall be paid in advance by such requesting Liquidating Trust Beneficiary and such Liquidating Trust Beneficiary shall have entered into a confidentiality agreement satisfactory in form and substance to the Liquidating Trustee.

4.13 Cash Payments. All distributions required to be made by the Liquidating Trustee to the holders of Allowed Claims may be made in cash denominated in U.S. dollars by checks drawn on a domestic bank selected by the Liquidating Trustee or, at the option of the Liquidating Trustee, by wire transfer from a domestic bank selected by the Liquidating Trustee or as otherwise required or provided in applicable agreements; provided, however, that cash payments to foreign holders of Allowed Claims may be made, at the option of the Liquidating Trustee, in such funds as and by such means as are necessary or customary in a particular foreign jurisdiction.

4.14 Insurance. The Liquidating Trust shall maintain customary insurance coverage for the protection of the Liquidating Trustee, the members of the Trust Advisory Board and any such other persons serving as administrators and overseers of the Liquidating Trust on and after the Effective Date, in all cases in accordance with a budget agreed to by the Trust Advisory Board under Section 4.5. The Liquidating Trustee also may obtain insurance coverage it deems necessary and appropriate with respect to real and personal property which may become Liquidating Trust Assets, if any, in accordance with such budget.

4.15 Disputes. To the extent a dispute arises between the Liquidating Trustee and the Trust Advisory Board concerning the performance of any of the powers, duties, and/or obligations herein, either the Liquidating Trustee or the Trust Advisory Board may file a motion and/or other pleadings with the Bankruptcy Court and obtain advice and guidance or such other

12

relief as may be appropriate concerning a resolution of the matter(s) in dispute between the parties. In such event, the Trust Advisory Board shall have the right to engage legal counsel to advise it with respect to the matter(s) in dispute and the reasonable fees and expenses of such legal counsel shall be reimbursed by the Liquidating Trustee from Cash in the Liquidating Trust, subject to Section 7.5 herein.

## ARTICLE V
## TAX MATTERS

5.1    Tax Treatment. For all U.S. federal income tax purposes, all parties (including, without limitation, the Debtors, the Liquidating Trustee and the Liquidating Trust Beneficiaries) will treat the Liquidating Trust as a "liquidating trust" within the meaning of Treasury Regulations section 301.7701-4(d). Consistent with this treatment, for all U.S. federal income tax purposes, the transfer of the Liquidating Trust Assets to the Liquidating Trust shall be treated as:

(a)    a transfer of the Liquidating Trust Assets (subject to any obligations relating to those assets) directly to those holders of Allowed Claims receiving Beneficial Interests in satisfaction of their Claims and, to the extent Liquidating Trust Assets are allocable to Disputed Claims, to the Liquidating Trust Claims Reserve, followed by

(b)    the transfer by such beneficiaries to the Liquidating Trust of the Liquidating Trust Assets (other than the Liquidating Trust Assets allocable to the Liquidating Trust Claims Reserve) in exchange for Beneficial Interests.

Accordingly, those holders of Allowed Claims receiving Beneficial Interests shall be treated for U.S. federal income tax purposes as the grantors and owners of their respective share of the Liquidating Trust Assets (other than such Liquidating Trust Assets as are allocable to the Liquidating Trust Claims Reserve). The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

5.2    Valuation of Assets. As soon as possible after the Effective Date, the Liquidating Trustee shall make a good-faith valuation of the Liquidating Trust Assets, and such valuation shall be made available from time to time to the extent relevant for tax reporting purposes, and shall be used consistently by all parties (including, without limitation, the Debtors, the Liquidating Trustee and the Liquidating Trust Beneficiaries) for all U.S. federal income tax purposes.

5.3    Allocations of Liquidating Trust Taxable Income.    Allocations of taxable income of the Liquidating Trust among the Liquidating Trust Beneficiaries (other than taxable income allocable to the Liquidating Trust Claims Reserve) shall be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed (were such cash permitted to be distributed at such time) if, immediately prior to such deemed distribution, the Liquidating Trust had distributed all its assets (valued at their tax book value, and other than assets allocable to the Liquidating Trust Claims Reserve) to the holders of the Beneficial Interests in the Liquidating Trust, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Liquidating Trust. Similarly,

taxable loss of the Liquidating Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating distribution of the remaining Liquidating Trust Assets. The tax book value of the Liquidating Trust Assets for this purpose shall equal their fair market value on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the Tax Code, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

5.4     <u>Liquidating Trust Claims Reserve</u>.

(a)     The Liquidating Trustee shall maintain a reserve for any distributable amounts required to be set aside on account of Disputed Claims. Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidating Trustee), the Liquidating Trustee shall (i) timely elect to treat any Liquidating Trust Assets allocable to, or retained on account of, Disputed Claims (the "<u>Liquidating Trust Claims Reserve</u>") as a "disputed ownership fund" governed by Treasury Regulations section 1.468B-9, and (ii) to the extent permitted by applicable law, report consistently with the foregoing for state and local income tax purposes. Accordingly, the Liquidating Trust Claims Reserve will be subject to tax annually on a separate entity basis on any net income earned with respect to the Liquidating Trust Assets in such reserves, and all distributions from such reserves will be treated as received by holders in respect of their Claims as if distributed by the Debtors. All parties (including the Liquidating Trustee, the Debtors and the Liquidating Trust Beneficiaries) shall report for U.S. federal, state and local income tax purposes consistently with the foregoing.

(b)     The Liquidating Trustee shall be responsible for payment, out of the Liquidating Trust Assets, of any taxes imposed on the trust or its assets, including the Liquidating Trust Claims Reserve. In the event, and to the extent, any Cash retained on account of Disputed Claims in the Liquidating Trust Claims Reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, Disputed Claims, such taxes shall be (i) reimbursed from any subsequent Cash amounts retained on account of Disputed Claims, or (ii) to the extent such Disputed Claims have subsequently been resolved, deducted from any amounts otherwise distributable by the Liquidating Trustee as a result of the resolution of such Disputed Claims.

5.5     <u>Tax Reporting</u>. The Liquidating Trustee shall file returns for the Liquidating Trust treating the Liquidating Trust as a grantor trust pursuant to Treasury Regulations section 1.671-4(a) and in accordance with this <u>Section 5.5</u>. The Liquidating Trustee shall also annually send to each holder of a Beneficial Interest a separate statement setting forth the holder's share of items of income, gain, loss, deduction or credit and will instruct all such holders to report such items on their U.S. federal income tax returns or to forward the appropriate information to their respective beneficial holders with instructions to report such items on their U.S. federal income tax returns. The Liquidating Trustee shall also file (or cause to be filed) any other statements, returns or disclosures relating to the Liquidating Trust that are required by any governmental unit.

5.6     Tax Withholdings. The Liquidating Trustee may withhold and pay to the appropriate taxing authority all amounts required to be withheld pursuant to the Tax Code or any provision of any foreign, state or local tax law with respect to any payment or distribution to the holders of Allowed Claims. All such amounts withheld, and paid to the appropriate taxing authority, shall be treated as amounts distributed to such holders of Allowed Claims for all purposes of this Trust Agreement. The Liquidating Trustee shall be authorized to collect such tax information from the holders of Allowed Claims (including, without limitation, social security numbers or other tax identification numbers) as it in its sole discretion deems necessary to effectuate the Plan, the Confirmation Order and this Trust Agreement. The Liquidating Trustee may refuse to make a distribution to any holders of Allowed Claims that fail to furnish such information in a timely fashion, until such information is delivered; *provided*, *however*, that upon the holder of an Allowed Claim's delivery of such information, the Liquidating Trustee shall make such distribution to which the holder of an Allowed Claim is entitled, without interest.

5.7     Expedited Determination of Taxes. The Liquidating Trustee may request an expedited determination of taxes of the Liquidating Trust, including the Liquidating Trust Claims Reserve, or the Debtors under section 505(b) of the Bankruptcy Code for any or all returns filed for, or on behalf of, the Liquidating Trust or the Debtors for any or all taxable periods (or part thereof) through the dissolution of the Liquidating Trust.

5.8     Debtor Tax Matters.

(a)     Following the Effective Date, the Liquidating Trustee shall prepare and file (or cause to be prepared and filed), on behalf of the Debtors, all tax returns, reports, certificates, forms or similar statements or documents (collectively, "Tax Returns") required to be filed or that the Liquidating Trustee otherwise deems appropriate, including the filing of amended Tax Returns or requests for refunds.

(b)     Each of the Debtors shall execute on or prior to the Effective Date a power of attorney authorizing the Liquidating Trustee to correspond with any taxing authorities on behalf of such Debtor and to sign, collect, negotiate, settle and administer tax payments and Tax Returns described in Section 5.8(a) hereof.

(c)     Following the Effective Date, the Liquidating Trustee shall have the sole right, at the Liquidating Trust's expense, to control, conduct, compromise and settle any tax contest, audit or administrative or court proceeding relating to any liability for taxes of the Debtors.

(d)     Following the Effective Date, the Liquidating Trust shall be entitled to the entire amount of any refunds and credits (including interest thereon) with respect to or otherwise relating to any taxes of the Debtors, including for any taxable period ending on or prior to, or including, the Effective Date.

# ARTICLE VI
# POWERS OF AND LIMITATIONS ON THE LIQUIDATING TRUSTEE

6.1     Powers of the Liquidating Trustee.

(a)     Pursuant to the terms of the Plan and the Confirmation Order, the Liquidating Trustee shall have various powers, duties and responsibilities concerning the prosecution of certain litigation claims, the disposition of assets, the resolution of claims, and numerous other obligations relating to maximizing the proceeds of the Liquidating Trust Assets and the administration of the Liquidating Trust.

(b)     The Liquidating Trustee shall have only such rights, powers and privileges expressly set forth in the Plan and this Trust Agreement and as otherwise provided by applicable law.  Subject to the Plan and other provisions herein, including, without limitation, the provisions relating to approvals of the Trust Advisory Board in Section 6.3, the Liquidating Trustee shall be expressly authorized to undertake the following actions, in the Liquidating Trustee's good faith judgment, in the best interests of the beneficiaries of the Liquidating Trust, in furtherance of the purpose of the Liquidating Trust and to maximize net recoveries therefrom:

(i)     hold legal title to any and all rights of the Liquidating Trust Beneficiaries in, to or arising from the Liquidating Trust Assets, for the benefit of the Liquidating Trust Beneficiaries that are entitled to distributions therefrom under the Plan, whether their Claims are Allowed on or after the Effective Date;

(ii)     manage, supervise and liquidate the Liquidating Trust Assets;

(iii)     execute all agreements, instruments and other documents, and effect all other actions necessary or appropriate to liquidate the Liquidating Trust Assets;

(iv)     in the Liquidating Trustee's reasonable business judgment, investigate, prosecute, arbitrate, adjust, settle or otherwise compromise or abandon for the benefit of the Liquidating Trust all rights, Causes of Action or litigation transferred by the Debtors to the Liquidating Trust or arising in favor of the Liquidating Trust;

(v)     in the Liquidating Trustee's reasonable business judgment object to and/or withdraw objections to Claims, and manage, control, prosecute and/or settle on behalf of the Liquidating Trust, objections to Claims on account of which the Liquidating Trustee (as Disbursing Agent) will be responsible (if Allowed) for making distributions under the Plan, subject to the consent of the Trust Advisory Board, if applicable, in accordance with Section 6.4 hereto;

(vi)     monitor and enforce the implementation of the Plan;

(vii)     calculate and implement distributions of the Cash or non-Cash Liquidating Trust Assets obtained through the exercise of its power and authority

as contemplated by this Trust Agreement and the Plan and in accordance with the interests of the holders of Allowed Claims;

(viii)    retain and pay Trust Professionals in accordance with Section 6.7 hereof to carry out its duties and obligations hereunder, in all cases in accordance with a budget agreed to by the Trust Advisory Board under Section 4.5;

(ix)    incur and pay all reasonable expenses, satisfy ordinary course liabilities and make all other payments reasonable and necessary to administer and liquidate the Liquidating Trust Assets, in all cases in accordance with a budget agreed to by the Trust Advisory Board under Section 4.5;

(x)    file, if necessary, any and all tax and regulatory forms, returns, reports and other documents with respect to the Liquidating Trust or the Debtors and pay taxes properly payable by the Liquidating Trust or the Debtors, if any, including in the case of the Liquidating Trust any taxes relating to amounts allocable to or retained on account of Disputed Claims;

(xi)    take all actions, file any pleadings with the bankruptcy court, and create any documents necessary to wind up the affairs of the Debtors and their affiliates, implement the Plan, and close the bankruptcy cases;

(xii)    vote any claim or interest held by the Liquidating Trust in a case under the Bankruptcy Code and receive any distribution therefrom for the benefit of the Liquidating Trust;

(xiii)    invest monies received by the Liquidating Trust, the Liquidating Trustee or otherwise held by the Liquidating Trust or the Liquidating Trustee in accordance with Section 6.8 hereof;

(xiv)    protect and enforce the rights to the Liquidating Trust Assets vested in the Liquidating Trustee by this Trust Agreement by any method deemed reasonably appropriate, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

(xv)    make all necessary filings in accordance with any applicable law, statute or regulation, including, but not limited to, the Exchange Act;

(xvi)    in the event that the Liquidating Trustee determines that the Liquidating Trust Beneficiaries or the Liquidating Trust may, will or have become subject to adverse tax consequences, take such actions that will, or are intended to, minimize such adverse tax consequences;

(xvii)    purchase customary insurance coverage in accordance with Section 4.14 hereof;

(xviii) act as a signatory to BE and/or BE LLC for all purposes, including those associated with the novation of contracts;

(xix) on or as of the Effective Date or as soon as practicable thereafter and without the need for any further action and to the extent consistent with the Plan: (A) cause any or all of the Debtors to be merged into one or more of the Debtors, dissolved or otherwise consolidated, (B) cause the transfer of assets between or among the Debtors, or (C) cause the reduction, reinstatement or discharge of any Intercompany Claim and any claim held against any Non-Debtor Subsidiary or Affiliate by any Debtor or by any other Non-Debtor Subsidiary or Affiliate; and

(xx) assert and/or waive any applicable privileges (legal or otherwise) on behalf of the Liquidating Trust, or with respect to the Liquidating Trust Assets held by the Debtors at any time (prepetition or postpetition);

(xxi) perform such functions and take such actions as are provided for or permitted in this Trust Agreement, the Plan, the Confirmation Order or any other agreement executed pursuant to the Plan and take any other actions as it may deem to be reasonably necessary or appropriate to liquidate the Liquidating Trust Assets, obtain an order closing the Chapter 11 Cases and exercise the Liquidating Trustee's powers granted herein.

(c) In all circumstances, the Liquidating Trustee shall act in the best interests of all beneficiaries of the Liquidating Trust and in furtherance of the purpose of the Liquidating Trust and shall use its reasonable best efforts to comply promptly with any direction from the Trust Advisory Board. The Liquidating Trustee shall not take any action inconsistent with the purpose of the Liquidating Trust, or take any action that would cause the Liquidating Trust to fail to qualify as a "liquidating trust" for tax purposes.

(d) Notwithstanding any provision herein to the contrary, the Liquidating Trustee shall not serve on the board of directors, management committee or any similar governing body of any non-Debtor subsidiary of BE, where the charter, limited liability company agreement, partnership agreement or other similar constituent document of such subsidiary does not provide for a liquidating purpose for such subsidiary. Except as otherwise provided in this Trust Agreement, the Liquidating Trustee will not be required to obtain the order or approval of the Bankruptcy Court, or any other court of competent jurisdiction in, or account to the Bankruptcy Court or any other court of competent jurisdiction for, the exercise of any right power or privilege conferred hereunder. Notwithstanding the foregoing, where the Liquidating Trustee determines, in his reasonable discretion, that it is necessary, appropriate or desirable, the Liquidating Trustee will have the right to submit to the Bankruptcy Court or any other court of competent jurisdiction any question or questions regarding any specific action proposed to be taken by the Liquidating Trustee with respect to this Trust Agreement, the Liquidating Trust, or the Liquidating Trust Assets, including the administration and distribution of the Liquidating Trust Assets and the termination of the Liquidating Trust. Pursuant to the Plan, the Bankruptcy Court has retained jurisdiction for such purposes and may approve or disapprove any such proposed action upon motion by the Liquidating Trustee.

## 6.2 Establishment of Trust Advisory Board

(a)     The "Trust Advisory Board" means the board to be appointed in accordance with, and to exercise the duties set forth in, this Trust Agreement, which duties shall be in the nature of overseeing the actions of the Liquidating Trustee pertaining to the administration of the Liquidating Trust, including the removal of the Liquidating Trustee. The Trust Advisory Board shall be comprised of two members, to be initially selected by the Creditors' Committee and be comprised of the persons identified on Annex A hereto.

(b)     Each member of the Trust Advisory Board shall designate (i) one or more representatives who shall attend meetings of and participate in other activities of the Trust Advisory Board and (ii) an alternate representative to attend meetings and participate in other activities of the Trust Advisory Board when the representatives designated pursuant to clause (i) above are unavailable.

(c)     Notwithstanding anything in this Section 6.2 or Section 6.3, the Trust Advisory Board shall not take any action which will cause the Liquidating Trust to fail to qualify as a "liquidating trust" for U.S. federal income tax purposes.

(d)     A quorum for meetings of the Trust Advisory Board shall consist of a majority of the non-recused, voting members of the Trust Advisory Board then serving; _provided_, _however_, that, for purposes of determining whether a quorum is present at such a meeting, a voting member of the Trust Advisory Board shall be deemed present if a representative of the member is attending in person, by telephone or by proxy.

(e)     Except as expressly provided herein, the affirmative vote of a majority of the non-recused, voting members of the Trust Advisory Board shall be the act of the Trust Advisory Board with respect to any matter that requires the determination, consent, approval or agreement of such board. Any or all of the members of the Trust Advisory Board may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. Any member of the Trust Advisory Board participating in a meeting by this means is deemed to be present in person at the meeting. In all matters submitted to a vote of the Trust Advisory Board, each Trust Advisory Board member shall be entitled to cast one vote, which vote shall be cast personally by such Trust Advisory Board member or by proxy. In a matter in which the Liquidating Trustee cannot obtain direction or authority from the Trust Advisory Board, the Liquidating Trustee may file a motion requesting such direction or authority from the Bankruptcy Court.

(f)     A Trust Advisory Board member and its representative shall be recused from the Trust Advisory Board's deliberations and votes on any matters as to which such member has a conflicting interest. If a Trust Advisory Board member or its representative does not recuse itself from any such matter, that Trust Advisory Board member and its representative may be recused from such matter by the majority vote of the remaining, voting members of the Trust Advisory Board that are not recused from the matter.

(g)     Any action required or permitted to be taken by the Trust Advisory Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Trust Advisory Board as evidenced by one or more written consents describing the action taken, signed by the Trust Advisory Board and filed with the minutes or proceedings of the Trust Advisory Board.

(h)     The authority of the members of the Trust Advisory Board will be effective as of the Effective Date and will remain and continue in full force and effect until the Liquidating Trust is dissolved in accordance with Section 3.2. The service of the members of the Trust Advisory Board will be subject to the following:

(i)     the members of the Trust Advisory Board will serve until death or resignation pursuant to clause (ii) below, or removal pursuant to clause (iii) below;

(ii)     a member of the Trust Advisory Board may resign at any time by providing a written notice of resignation to the remaining members of the Trust Advisory Board. Such resignation will be effective when a successor is appointed as provided herein;

(iii)     the members of the Trust Advisory Board may be removed, and in the event of a vacancy in such member's position (whether by removal, death or resignation) a new member may be appointed, by the unanimous vote of the remaining members of the Trust Advisory Board. The appointment of a successor member of the Trust Advisory Board will be evidenced by the filing with the Bankruptcy Court of a notice of appointment, which notice will include the name, address, and telephone number of the successor member of the Trust Advisory Board; and

(iv)     immediately upon appointment of any successor member of the Trust Advisory Board, all rights, powers, duties, authority, and privileges of the predecessor member of the Trust Advisory Board hereunder will be vested in and undertaken by the successor member of the Trust Advisory Board without any further act; and the successor member of the Trust Advisory Board will not be liable personally for any act or omission of the predecessor member of the Trust Advisory Board.

(i)     Any member of the Trust Advisory Board may be reimbursed by the Liquidating Trustee for its actual, reasonable out-of-pocket expenses incurred for serving on such board and for reasonable legal fees incurred by the Trust Advisory Board with respect to outside counsel in the same manner and priority as the compensation and expenses of the Liquidating Trustee under the Trust Agreement, in accordance with a budget approved by the Trust Advisory Board. Except as provided for in this Section 6.2, the members of the Trust Advisory Board shall not be entitled to receive any other form of compensation. The initial budget shall include a reserve of no less than $100,000 for the fees and expenses of the Trust Advisory Board.

6.3 <u>Approval of the Trust Advisory Board</u>. Notwithstanding anything in this Trust Agreement to the contrary, the Liquidating Trustee shall submit to the Trust Advisory Board for its review and prior approval the following matters (and any other matters that are of material importance to the value of the Liquidating Trust Assets or the amount of Disputed Claims that the Trust Advisory Board may reasonably direct the Liquidating Trustee to submit for its approval or that expressly require the approval of the Trust Advisory Board pursuant to the terms of this Trust Agreement, the Plan, and the Confirmation Order):

(a) Any transaction to sell, assign, transfer or abandon any Liquidating Trust Assets (other than claims, rights or Causes of Action) in which the amount of the transaction exceeds $250,000;

(b) Any decision to settle or otherwise resolve any objections to Disputed Administrative Expense Claims, Disputed Claims, Administrative Expense Claims or Claims against the Debtors in an amount in excess of $250,000, pursuant to <u>Section 6.4(d)</u> herein;

(c) Any decision or agreement to discount, compromise settle and/or sell any rights, claims, Causes of Action or litigation in which the amount of the settlement or sale exceeds $250,000;

(d) Any decision to make or refrain from making any distributions to the holders of Allowed Claims;

(e) Any decision to retain and/or to terminate the retention of Trust Professionals;

(f) Incurrence of any cost or expense of the Liquidating Trust above $50,000, that is not reflected in an approved budget; *provided, however,* that approval of the Trust Advisory Board shall not be required in the case of any cost or expense authorized by further order of the Bankruptcy Court;

(g) The reports and budgets described in <u>Sections 4.5(a), (b) and (d)</u> and any changes thereto; and

(h) Any amendment of this Trust Agreement as provided in <u>Section 9.9</u> herein.

6.4 <u>Resolution of Claims</u>.

(a) Except as otherwise provided in <u>Section 6.4(b)</u>, as of the Effective Date, objections to, and requests for estimation of, Administrative Expense Claims and Claims against the Debtors may be interposed and prosecuted only by the Liquidating Trustee. Such objections and requests for estimation shall be served on the respective claimant and filed with the Bankruptcy Court on or shall be served and filed (i) on or before the 120th day following the later of (A) the Effective Date and (B) the date that a proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim, or (ii) on such later date as may be fixed by the Bankruptcy Court whether fixed before or after the date specified in clauses (A) and (B) above.

(b)     Notwithstanding any other provision hereof, if any portion of a Claim or Administrative Expense Claim is Disputed, no payment or distribution provided hereunder shall be made on account of such Claim or Administrative Expense Claim unless and until such Disputed Claim or Disputed Administrative Expense Claim becomes Allowed.

(c)     To the extent that a Disputed Claim or Disputed Administrative Expense Claim ultimately becomes an Allowed Claim or Allowed Administrative Expense Claim, distributions (if any) shall be made to the holder of such Allowed Claim or Allowed Administrative Expense Claim in accordance with the provisions of the Plan.

(d)     On and after the Effective Date, the Liquidating Trustee shall have the authority to compromise, settle, otherwise resolve or withdraw any objections to Administrative Expense Claims and Claims against the Debtors and Disputed Administrative Expense Claims and Claims against the Debtors, subject to the consent of the Trust Advisory Board for any Administrative Expense Claim and Claim pursuant to the terms of <u>Section 6.3</u>.

(e)     The Liquidating Trustee may at any time request that the Bankruptcy Court estimate any Contingent Claim, Unliquidated Claim or Disputed Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether any of the Debtors or any other Person previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection. In the event that the Bankruptcy Court estimates any Contingent Claim, Unliquidated Claim or Disputed Claim, the amount so estimated shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Liquidating Trustee may pursue supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation and resolution procedures are intended to be cumulative and not exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

(f)     The amount of any Liquidating Trust Assets allocable to, or retained on account of, Disputed Claims in the Liquidating Trust Claims Reserve shall be determined based on the estimation of such Disputed Claim pursuant to <u>Section 6.4(e)</u> or as otherwise agreed in writing by the Debtors or the Liquidating Trustee and the holder of such Claim.

6.5     <u>Actions Taken on Other Than Business Day</u>. In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

6.6     <u>Limitations on Liquidating Trustee</u>. For U.S. federal income tax purposes, the Liquidating Trustee shall not be authorized to engage in any trade or business with respect to the Liquidating Trust Assets or any proceeds therefrom except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust. The Liquidating Trustee shall take such actions consistent with the prompt orderly liquidation of the Liquidating Trust

Assets as required by applicable law and consistent with the treatment of the Liquidating Trust as a liquidating trust under Treasury Regulations section 301.7701-4(d), to the extent such actions are permitted by this Trust Agreement. The Liquidating Trustee shall, on behalf of the Liquidating Trust, hold the Liquidating Trust out as a trust in the process of liquidation and not as an investment company. The Liquidating Trustee shall not become a market-maker for the Beneficial Interests or otherwise attempt to create a secondary market for the Beneficial Interests. The Liquidating Trustee shall be restricted to the liquidation of the Liquidating Trust Assets on behalf, and for the benefit, of the holders of Allowed Claims and the distribution and application of Liquidating Trust Assets for the purposes set forth in, and the conservation and protection of the Liquidating Trust Assets and the administration thereof in accordance with, the provisions of this Trust Agreement, the Plan and the Confirmation Order.

6.7     Agents and Professionals.

(a)     The Liquidating Trust may, but shall not be required to, from time to time enter into contracts with, consult with and retain independent contractors, including attorneys, accountants, appraisers, disbursing agents or other parties deemed by the Liquidating Trustee to have qualifications necessary or desirable to assist in the proper administration of the Liquidating Trust (collectively, the "Trust Professionals"), on such terms as the Liquidating Trustee deems appropriate subject to the approval of the Trust Advisory Board in accordance with Section 6.3(e) hereof and in accordance with a budget approved by the Trust Advisory Board. None of the professionals that represented parties-in-interest in the Chapter 11 Cases shall be precluded from being engaged by the Liquidating Trustee solely on account of their service as a professional for such parties-in-interest prior to the Effective Date.

(b)     After the Effective Date, Trust Professionals shall be required to submit reasonably detailed invoices on a monthly basis to the Liquidating Trustee, including in such invoices a description of the work performed, who performed such work, and if billing on an hourly basis, the hourly rate of such person, plus an itemized statement of expenses. The Liquidating Trustee shall provide a copy of all such invoices to the Trust Advisory Board. The Liquidating Trustee shall pay those invoices ten days after a copy of such invoices is provided to the Trust Advisory Board without Bankruptcy Court approval, unless the Liquidating Trustee or the Trust Advisory Board objects. In the event of any dispute concerning the entitlement to, or the reasonableness of any compensation and/or expenses of any Trust Professionals, either the Liquidating Trustee or the affected party may ask the Bankruptcy Court to resolve the dispute.

(c)     All payments to Trust Professionals shall be paid out of the Liquidating Trust Assets.

6.8     Investment of Liquidating Trust Monies. All monies and other assets received by the Liquidating Trustee shall, until distributed or paid over as herein provided, be segregated from all other monies and assets of the Liquidating Trustee, and further, shall be held in trust for the benefit of the holders of Allowed Claims, but need not be segregated from other Liquidating Trust Assets, unless and to the extent required by the Plan. The Liquidating Trustee shall promptly invest any such monies (including any earnings thereon or proceeds thereof) as permitted by section 345 of the Bankruptcy Code, in the manner set forth in this Section 6.8, but shall otherwise be under no liability for interest or income on any monies received by the

Liquidating Trust hereunder and held for distribution or payment to the holders of Allowed Claims, except as such interest shall actually be received. Investment of any monies held by the Liquidating Trust shall be administered in accordance with the general duties and obligations hereunder. The right and power of the Liquidating Trustee to invest the Liquidating Trust Assets, the proceeds thereof, or any income earned by the Liquidating Trust, shall be limited to the right and power to (i) invest such Liquidating Trust Assets (pending distributions in accordance with the Plan or this Trust Agreement) in (a) short-term direct obligations of, or obligations guaranteed by, the United States of America or (b) short-term obligations of any agency or corporation which is or may hereafter be created by or pursuant to an act of the Congress of the United States as an agency or instrumentality thereof; or (ii) deposit such assets in demand deposits at any bank or trust company, which has, at the time of the deposit, a capital stock and surplus aggregating at least $1,000,000,000 (collectively, the "Permissible Investments"); *provided*, *however*, that the scope of any such Permissible Investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treasury Regulations section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

6.9    Termination. The duties, responsibilities and powers of the Liquidating Trustee will terminate on the date the Liquidating Trust is dissolved pursuant to Section 3.3 of this Trust Agreement, under applicable law in accordance with the Plan, by an order of the Bankruptcy Court or by entry of a final decree closing the Debtors' cases before the Bankruptcy Court; *provided,* that Sections 7.5 and 7.6 shall survive such termination, dissolution and entry.

## ARTICLE VII
## CONCERNING THE LIQUIDATING TRUSTEE

7.1    Reliance by Liquidating Trustee. Except as otherwise provided in this Trust Agreement, the Plan or the Confirmation Order, the Liquidating Trustee may rely and shall be protected in acting upon any resolution, statement, instrument, opinion, report, notice, request, consent, order or other paper or document reasonably believed by the Liquidating Trustee to be genuine and to have been signed or presented by the proper party or parties.

7.2    Liability to Third Persons. No Liquidating Trust Beneficiary shall be subject to any personal liability whatsoever, in tort, contract or otherwise, to any person in connection with the Liquidating Trust Assets or the affairs of the Liquidating Trustee. The Liquidating Trustee, agents and professionals of the Liquidating Trustee and the members of the Trust Advisory Board shall not be subject to any personal liability whatsoever, in tort, contract or otherwise, to any person (including, in the case of the Liquidating Trustee and members of the Trust Advisory Board, to any Trust Professionals retained by the Liquidating Trustee in accordance with this Trust Agreement) in connection with the Liquidating Trust Assets or the affairs of the Liquidating Trust and shall not be liable with respect to any action taken or omitted to be taken in good faith, except for actions and omissions determined by a final order of the Bankruptcy Court to be due to their respective gross negligence, intentional fraud, criminal conduct or willful misconduct, and all such persons shall look solely to the Liquidating Trust Assets for satisfaction of claims of any nature arising in connection with affairs of the Liquidating Trust. Other than as set forth in the Plan or in the Confirmation Order, nothing in this Section 7.2 shall be deemed to

release any Liquidating Trust Beneficiary from any actions or omissions occurring prior to the Effective Date.

7.3 Nonliability of Liquidating Trustee for Acts of Others. Except as provided herein, nothing contained in this Trust Agreement, the Plan or the Confirmation Order shall be deemed to be an assumption by the Liquidating Trustee of any of the liabilities, obligations or duties of the Debtors or shall be deemed to be or contain a covenant or agreement by the Liquidating Trustee to assume or accept any such liability, obligation or duty. Any successor Liquidating Trustee may accept and rely upon any accounting made by or on behalf of any predecessor Liquidating Trustee hereunder, and any statement or representation made as to the assets comprising the Liquidating Trust Assets or as to any other fact bearing upon the prior administration of the Liquidating Trust, so long as it has a good faith basis to do so. The Liquidating Trustee shall not be liable for having accepted and relied in good faith upon any such accounting, statement or representation if it is later proved to be incomplete, inaccurate or untrue. The Liquidating Trustee or any successor Liquidating Trustee shall not be liable for any act or omission of any predecessor Liquidating Trustee, nor have a duty to enforce any claims against any predecessor Liquidating Trustee on account of any such act or omission, unless directed to do so by the Trust Advisory Board.

7.4 Exculpation. As of the Effective Date, the Liquidating Trustee, the Liquidating Trustee's agents and professionals and the members of the Trust Advisory Board shall be and hereby are exculpated by all Persons, including without limitation, holders of Claims and other parties-in-interest, from any and all claims, causes of action and other assertions of liability arising out of the discharge of their respective powers and duties conferred by the Plan, this Trust Agreement or any Order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or applicable law or otherwise, except for actions or omissions to act that are determined by final order of the Bankruptcy Court to have arisen out of their own respective intentional fraud, criminal conduct, gross negligence or willful misconduct. No holder of a Claim or other party-in-interest will have or be permitted to pursue any claim or cause of action against the Liquidating Trustee, the Liquidating Trust, the employees, professionals or representatives of either the Liquidating Trustee or the Liquidating Trust or the members of the Trust Advisory Board, for making payments in accordance with the Plan or for implementing the provisions of the Plan. Any action taken or omitted to be taken with the express approval of the Bankruptcy Court or the Trust Advisory Board will conclusively be deemed not to constitute intentional fraud, criminal conduct, gross negligence or willful misconduct; *provided*, *however*, that notwithstanding any provision herein to the contrary, the Liquidating Trustee shall not be obligated to comply with a direction of the Trust Advisory Board, whether or not express, which would result in a change to the distribution provisions of this Agreement and the Plan.

7.5 Limitation of Liability. The Liquidating Trustee and the Liquidating Trustee's Professionals will not be liable for punitive, exemplary, consequential, special or other damages for a breach of this Trust Agreement under any circumstances.

7.6 Indemnity. The Liquidating Trustee, the members of the Trust Advisory Board and their respective agents, employees, officers, directors, professionals, attorneys, accountants, advisors, representatives and principals (collectively, the "Indemnified Parties") shall be indemnified by the Liquidating Trust solely from the Liquidating Trust Assets for any losses,

claims, damages, liabilities and expenses occurring after the Effective Date, including, without limitation, reasonable attorneys' fees, disbursements and related expenses which the Indemnified Parties may incur or to which the Indemnified Parties may become subject in connection with any action, suit, proceeding or investigation brought by or threatened against one or more of the Indemnified Parties on account of the acts or omissions in their capacity as, or on behalf of, the Liquidating Trustee or a member of the Trust Advisory Board; _provided_, _however_, that the Liquidating Trust shall not be liable to indemnify any Indemnified Party for any act or omission arising out of such Indemnified Party's respective gross negligence or willful misconduct. Notwithstanding any provision herein to the contrary, the Indemnified Parties shall be entitled to obtain advances from the Liquidating Trust to cover their reasonable expenses of defending themselves in any action brought against them as a result of the acts or omissions, actual or alleged, of an Indemnified Party in its capacity as such, except for any actions or omissions arising from their own respective willful misconduct or gross negligence; _provided_, _however_, that the Indemnified Parties receiving such advances shall repay the amounts so advanced to the Liquidating Trust immediately upon the entry of a final, non-appealable judgment or order finding that such Indemnified Parties were not entitled to any indemnity under the provisions of this Section 7.6. The foregoing indemnity in respect of any Indemnified Party shall survive the termination of such Indemnified Party from the capacity for which they are indemnified.

7.7 <u>Compensation and Expenses</u>. The Liquidating Trustee shall receive fair and reasonable compensation for its services, to be paid out of the Liquidating Trust Assets, in accordance with the compensation schedule provided to the Court. The Liquidating Trustee shall be entitled, without the need for approval of the Bankruptcy Court, to reimburse itself from the Liquidating Trust Assets on a monthly basis for all reasonable out-of-pocket expenses actually incurred in the performance of duties in accordance with this Trust Agreement and a budget approved by the Trust Advisory Board under <u>Section 4.5</u>.

## ARTICLE VIII
## SUCCESSOR LIQUIDATING TRUSTEES

8.1 <u>Resignation</u>. The Liquidating Trustee may resign from the Liquidating Trust by giving at least sixty (60) days prior written notice thereof to each member of the Trust Advisory Board. Such resignation shall become effective on the later to occur of (a) the date specified in such written notice and (b) the effective date of the appointment of a successor Liquidating Trustee in accordance with <u>Section 8.4</u> hereof and such successor's acceptance of such appointment in accordance with <u>Section 8.5</u> hereof.

8.2 <u>Removal</u>. The Liquidating Trustee may be removed, with or without cause, by a majority vote of the members of the Trust Advisory Board. Such removal shall become effective on the date specified in such action by the Trust Advisory Board.

8.3 <u>Effect of Resignation or Removal</u>. The resignation, removal, incompetency, bankruptcy or insolvency of the Liquidating Trustee shall not operate to terminate the Liquidating Trust or to revoke any existing agency created pursuant to the terms of this Trust Agreement, the Plan or the Confirmation Order or invalidate any action theretofore taken by the Liquidating Trustee. All fees and expenses properly incurred by the Liquidating Trustee prior to the resignation, incompetency or removal of the Liquidating Trustee shall be paid from the

Liquidating Trust Assets, unless such fees and expenses are disputed by (a) the Trust Advisory Board or (b) the successor Liquidating Trustee, in which case the Bankruptcy Court shall resolve the dispute and any disputed fees and expenses of the predecessor Liquidating Trustee that are subsequently allowed by the Bankruptcy Court shall be paid from the Liquidating Trust Assets. In the event of the resignation or removal of the Liquidating Trustee, such Liquidating Trustee shall: (i) promptly execute and deliver such documents, instruments and other writings as may be reasonably requested by the successor Liquidating Trustee or directed by the Bankruptcy Court to effect the termination of such Liquidating Trustee's capacity under this Trust Agreement; (ii) promptly deliver to the successor Liquidating Trustee all documents, instruments, records and other writings related to the Liquidating Trust as may be in the possession of such Liquidating Trustee; and (iii) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Liquidating Trustee.

8.4     Appointment of Successor. In the event of the resignation, removal, incompetency, bankruptcy or insolvency of the Liquidating Trustee, a vacancy shall be deemed to exist and a successor shall be appointed by a majority of the Trust Advisory Board. In the event that a successor Liquidating Trustee is not appointed within 30 days after the date of such vacancy, the Bankruptcy Court, upon its own motion or the motion of a Liquidating Trust Beneficiary or any member of the Trust Advisory Board, shall appoint a successor Liquidating Trustee.

8.5     Acceptance of Appointment by Successor Liquidating Trustee. Any successor Liquidating Trustee appointed hereunder shall execute an instrument accepting its appointment and shall deliver one counterpart thereof to the Bankruptcy Court for filing and to the Trust Advisory Board and, in case of the Liquidating Trustee's resignation, to the resigning Liquidating Trustee. Thereupon, such successor Liquidating Trustee shall, without any further act, become vested with all the liabilities, duties, powers, rights, title, discretion and privileges of its predecessor in the Liquidating Trust with like effect as if originally named Liquidating Trustee and shall be deemed appointed pursuant to Bankruptcy Code section 1123(b)(3)(B). The resigning or removed Liquidating Trustee shall duly assign, transfer and deliver to such             . successor Liquidating Trustee all property and money held by such resigning or removed Liquidating Trustee hereunder and shall, as directed by the Bankruptcy Court or reasonably requested by such successor Liquidating Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidating Trustee upon the trusts herein expressed, all the liabilities, duties, powers, rights, title, discretion and privileges of such resigning or removed Liquidating Trustee.

# ARTICLE IX
## MISCELLANEOUS PROVISIONS

9.1     Governing Law. This Liquidating Trust Agreement shall be governed by and construed in accordance with the laws of the State of New York without giving effect to rules governing conflicts of law.

9.2     Jurisdiction. Subject to the proviso below, the parties agree that the Bankruptcy Court shall have exclusive jurisdiction over the Liquidating Trust and the Liquidating Trustee, including, without limitation, the administration and activities of the Liquidating Trust and the

Liquidating Trustee; *provided*, *however*, that notwithstanding the foregoing, the Liquidating Trustee shall have power and authority to bring any action in any court of competent jurisdiction to prosecute any claims or Causes of Action assigned to the Liquidating Trust.

9.3    Severability.  In the event any provision of this Trust Agreement or the application thereof to any person or circumstances shall be determined by a final, non-appealable judgment or order to be invalid or unenforceable to any extent, the remainder of this Trust Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Trust Agreement shall be valid and enforceable to the fullest extent permitted by law.

9.4    Notices.  Any notice or other communication required or permitted to be made under this Trust Agreement shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally, by email, facsimile, sent by nationally recognized overnight delivery service or mailed by first-class mail:

      (i)    if to the Liquidating Trustee, to:

          John DeGroote
          BearingPoint LT Trustee, LLC
          100 Crescent Court
          Suite 700
          Dallas, Texas 75201
          Fax: 214-292-8844
          Email:  be@johndegroote.com

      (ii)    if to members of the Trust Advisory Board, then to each of;

          Charles Hale
          York Capital Management
          767 Fifth Avenue, 17th Floor
          New York, NY 10153
          Tel: 212-300-1300
          Email:  charles@haleglobal.com

          Aaron Money
          Friedman Fleischer & Lowe
          One Maritime Plaza, Suite 2200
          San Francisco, CA 94111
          Fax:  415-402-2111
          Email:  amoney@FFLPartners.com

      (iii)    if to any Liquidating Trust Beneficiary, to the last known address of such Liquidating Trust Beneficiary according to the Debtors' Schedules, such Liquidating Trust Beneficiary's proof of claim or

the lists of record holders provided by the Indenture Trustees to the Liquidating Trustee; and

9.5     Headings. The headings contained in this Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Trust Agreement or of any term or provision hereof.

9.6     Plan. The terms of this Trust Agreement are intended to supplement the terms provided by the Plan and the Confirmation Order. However, to the extent that the terms of the Plan are inconsistent with the terms set forth in this Trust Agreement with respect to the Liquidating Trust, then the Plan shall govern.

9.7     Entire Trust Agreement. This Trust Agreement contains the entire agreement between the parties and supersedes all prior and contemporaneous agreements or understandings between the parties with respect to the subject matter hereof.

9.8     Cooperation. The Debtors shall turn over or otherwise make available to the Liquidating Trustee at no cost to the Liquidating Trust or the Liquidating Trustee, all books and records reasonably required by the Liquidating Trustee to carry out its duties hereunder, and agree to otherwise reasonably cooperate with the Liquidating Trustee in carrying out its duties hereunder, subject to the confidentiality provisions herein to preserve the confidential nature of the Debtors' books and records.

9.9     Amendment and Waiver. Any provision of this Trust Agreement may be amended or waived by the Liquidating Trustee with the consent of all members of the Trust Advisory Board. Notwithstanding this Section 9.9, any amendments to this Trust Agreement shall not be inconsistent with the purpose and intention of the Liquidating Trust to liquidate in an expeditious but orderly manner the Liquidating Trust Assets in accordance with Treasury Regulations section 301.7701-4(d) and Section 1.2 hereof.

9.10     Confidentiality. The Liquidating Trustee and its employees, members, agents, professionals and advisors, including the Trust Professionals, and each member of the Trust Advisory Board, (each a "Confidential Party" and collectively the "Confidential Parties") shall hold strictly confidential and not use for personal gain any material, non-public information of which they have become aware in their capacity as a Confidential Party, of or pertaining to any Debtor to which any of the Liquidating Trust Assets relates; provided, however, that such information may be disclosed if (a) it is now or in the future becomes generally available to the public other than as a result of a disclosure by the Confidential Parties; or (b) such disclosure is required of the Confidential Parties pursuant to legal process including but not limited to subpoena or other court order or other applicable laws or regulations. In the event that any Confidential Party is requested to divulge confidential information pursuant to this clause (b), such Confidential Party shall promptly, in advance of making such disclosure, provide reasonable notice of such required disclosure to the Liquidating Trustee (or the Trust Advisory Board in case the Liquidating Trustee is the disclosing party) to allow him sufficient time to object to or prevent such disclosure through judicial or other means and shall cooperate reasonably with the Liquidating Trustee (or the Trust Advisory Board, as applicable) in making

any such objection, including but not limited to appearing in any judicial or administrative proceeding in support of any objection to such disclosure.

9.11 <u>Meanings of Other Terms</u>. Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate, words importing the singular number shall include the plural number and vice versa and words importing persons shall include firms, associations, corporations and other entities. All references herein to Articles, Sections and other subdivisions, unless referring specifically to the Plan or provisions of the Bankruptcy Code, the Bankruptcy Rules, or other law, statute or regulation, refer to the corresponding Articles, Sections and other subdivisions of this Trust Agreement, and the words herein and words of similar import refer to this Trust Agreement as a whole and not to any particular Article, Section or subdivision of this Trust Agreement. The term "including" shall mean "including, without limitation."

9.12 <u>Counterparts</u>. This Trust Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument. A facsimile or portable document file (PDF) signature of any party shall be considered to have the same binding legal effect as an original signature.

9.13 <u>Intention of Parties to Establish Liquidating Trust</u>. This Trust Agreement is intended to create a liquidating trust for U.S. federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a trust and any ambiguity herein shall be construed consistent herewith and, if necessary, this Trust Agreement may be amended to comply with such U.S. federal income tax laws, which amendments may apply retroactively.

**[Remainder of Page Blank — Signature Page Follows]**

IN WITNESS WHEREOF, the parties hereto have executed this Trust Agreement or caused this Trust Agreement to be duly executed by their respective officers, representatives or agents, effective as of the date first above written.

BEARINGPOINT, INC.

By: _____

Name: David C. Johnston
Title: Chief Financial Officer

– and –

BEARINGPOINT AMERICAS, INC.
BEARINGPOINT BG, LLC
BEARINGPOINT GLOBAL OPERATIONS, INC.
BEARINGPOINT GLOBAL, INC.
BEARINGPOINT ISRAEL, LLC
BEARINGPOINT PUERTO RICO, LLC
BEARINGPOINT RUSSIA, LLC
BEARINGPOINT, LLC
12 NORTHWEST LLC
METRIUS, INC.
PELOTON HOLDINGS, L.L.C.

By: _____

Name: David C. Johnston
Title: Authorized Signatory

– and –

BEARINGPOINT, INC. LIQUIDATING TRUST

By: BearingPoint LT Trustee, LLC,
Liquidating Trustee

By: _____

Name: John DeGroote
Title: Authorized Person

**IN WITNESS WHEREOF**, the parties hereto have executed this Trust Agreement or caused this Trust Agreement to be duly executed by their respective officers, representatives or agents, effective as of the date first above written.

BEARINGPOINT, INC.

By: _____
      Name: David C. Johnston
      Title: Chief Financial Officer

– and –

BEARINGPOINT AMERICAS, INC.
BEARINGPOINT BG, LLC
BEARINGPOINT GLOBAL OPERATIONS, INC.
BEARINGPOINT GLOBAL, INC.
BEARINGPOINT ISRAEL, LLC
BEARINGPOINT PUERTO RICO, LLC
BEARINGPOINT RUSSIA, LLC
BEARINGPOINT, LLC
12 NORTHWEST LLC
METRIUS, INC.
PELOTON HOLDINGS, L.L.C.


By: _____
      Name: David C. Johnston
      Title: Authorized Signatory

– and –

BEARINGPOINT, INC. LIQUIDATING TRUST

By: BearingPoint LT Trustee, LLC,
     Liquidating Trustee

By: _____
      Name: John DeGroote
      Title: Authorized Person

## Annex A
## Trust Advisory Board Members

Charles Hale, Chair of the Debtors' Official Committee of Unsecured Creditors
Aaron Money, Friedman Fleischer & Lowe

-1-

US_ACTIVE:\43163632\24\22638.0013